UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

ISSA TIAMA PETITIONER

VS. CIVIL ACTION NO. 5:26-CV-432-DCB-RPM

RAFAEL VERGARA RESPONDENT

## REPORT AND RECOMMENDATIONS

Before the Court is Petitioner Issa Tiama's [1] Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Petitioner, a native and citizen of Burkina Faso, filed his Petition [1] on or about May 5, 2026, challenging his detention and seeking his immediate release from Immigration and Customs Enforcement's (ICE) detention.

Having considered the Petition [1], the Response [9], and the relevant law, the undersigned recommends that the Petition be dismissed without prejudice because Petitioner's pre-removal statutory claims are now moot, and any post-removal-period detention claim is premature under 8 U.S.C. § 1231(a) and the framework set forth in *Zadvydas v. Davis*, 533 U.S. 678 (2001).

## I. BACKGROUND

Petitioner unlawfully entered the United States in October 2024, and was processed for expedited removal. *See* Ex. C to Resp. [9-3] at ¶ 5. Petitioner was taken into ICE custody on or about October 30, 2024. *Id.* at ¶ 6. In February 2025, a Notice to Appear for removal proceedings was issued, charging Petitioner as an alien present in the United States who has not been admitted or paroled, and subject to removal pursuant to Section 212(a)(7)(A)(i)(I) and Section 212(a)(6)(A)(i) of the Immigration and Nationality Act (INA). *See* Ex. B to Resp. [9-2]. The Notice

further stated that the order of expedited removal under Section 235(b)(1) of the INA was vacated pursuant to Section 208.30, which applies when the alien "indicates an intention to apply for asylum, or expresses a fear of persecution or torture, or a fear of return to his or her country . . . ." *Id.*; *see also* 8 C.F.R. § 208.30(b).

On August 6, 2025, an immigration judge ordered that Petitioner be removed from the United States to Burkina Faso. *See* Ex. D to Resp. [9-4]. Petitioner reserved appeal, and on August 28, 2025, through counsel, filed an appeal with the BIA. *See* Ex. C to Resp. [9-3] at ¶ 9; Ex. D to Resp. [9-4] at 4. On April 16, 2026, the Board of Immigration Appeals (BIA) summarily dismissed Petitioner's appeal. *See* Ex. A to Resp. [9-1]. Petitioner subsequently filed motions to reopen and motions to stay with the BIA, which were denied on September 10, 2026. *See* Ex. E to Resp. [9-5].

Petitioner filed his Petition [1] on or about May 5, 2026, with a signature date of March 31, 2026, while detained at the Adams County Correctional Center in Natchez, Mississippi, alleging that "[b]y denying Petitioner a bond hearing under § 1226(a) and asserting that he is subject to mandatory detention under§ 1225(b)(2), Respondents violate Petitioner's statutory rights under the INA and the Court's judgment in *Maldonado Bautista.*" Pet. [1] at 3.[1] At the time Petitioner signed his Petition on March 31, 2026, his appeal to the BIA was still pending. Petitioner seeks his immediate release from custody.

[1] The Certificate of Service, the Civil Cover Sheet, and the Cover Letter submitted with the Petition all include the name, signature, and office address of attorney Evaristus Nkongchu, a non-resident attorney who is not admitted to practice law in Mississippi. Pet. [1] at 4; [1-1]; [1-2]. After attorney Nkongchu failed to respond to two letters issued by the Clerk of Court requesting *pro hac vice* admission to practice in this Court, this Court entered an Order to Show Cause [4] ordering Nkongchu to file a response showing good cause, if any, why he should not be sanctioned for the following: (1) his unauthorized appearance in this matter; (2) his failure to respond to the Clerk of Court's letters; and (3) his failure to rectify his unauthorized appearance by associating a resident attorney and applying for *pro hac vice* admission pursuant to L.U. Civ. R. 83.1(d). This Court further ordered Petitioner to file a response on or before August 5, 2026, indicating whether attorney Nkongchu continues to represent him or whether Petitioner wishes to proceed pro se in this matter. *See* Order to Show Cause [4]. Both Petitioner and attorney Nkongchu failed to respond to the Order to Show Cause.

According to the Declaration of Brant McCullough, Supervisory Detention and Deportation Officer for Enforcement and Removal Operations (ERO), signed and dated September 4, 2026, the Removal Division at Headquarters advised that Petitioner was scheduled for an upcoming special high-risk charter removal mission from the U.S. to Burkina Faso on September 11, 2026. *See* Ex. C to Resp. [9-3] at ¶ 19. Officer McCullough further declared that "[t]here is no foreseeable impediment to Petitioner's removal [and] . . . [he] believe[s] there is a significant likelihood of removal in the reasonably foreseeable future." *Id*. According to ICE's Online Detainee Locator System, Petitioner is no longer in ICE custody.[2]

## II. DISCUSSION

28 U.S.C. § 2241 confers federal district courts "within their respective jurisdictions" the authority to hear applications for habeas corpus by any person who claims to be held "in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241. The writ of habeas corpus is "available to every individual detained within the United States," including noncitizens. *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art I, § 9, cl. 2).

"A district court has subject matter jurisdiction to hear an alien's Section 2241 petition challenging the lawfulness of his or her detention." *Wekesa v. United States Att'y*, No. 22-10260, 2022 WL 17175818, at *1 (5th Cir. Nov. 22, 2022); *see also Imran v. Harper*, No. 25-30370, 2026 WL 93131, *1 (5th Cir. Jan. 13, 2026) ("[D]istrict courts have subject-matter jurisdiction to review § 2241 petitions challenging the lawfulness of a noncitizen's detention . . . .").

In his Petition, Petitioner challenges his detention during his removal proceedings, claiming that "[b]y denying Petitioner a bond hearing under § 1226(a) and asserting that he is subject to mandatory detention under§ 1225(b)(2), Respondents violate Petitioner's statutory rights under the

[2] *See* Online Detainee Locator System, https://locator.ice.gov/odls/#/results (last visited September 16, 2026).

INA and the Court's judgment in *Maldonado Bautista*.” Pet. [1] at 3. However, after Petitioner signed his Petition on March 31, 2026, the BIA dismissed his appeal, making his order of removal administratively final on April 16, 2026. *See* 8 C.F.R. § 1241.1 (“An order of removal made by the immigration judge at the conclusion of proceedings under section 240 of the Act shall become final: (a) Upon dismissal of an appeal by the Board of Immigration Appeals . . . .”). Thus, he is now being detained under 8 U.S.C. § 1231(a). *See Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006) (“The Government is correct that [petitioner’s] detention is now governed by § 1231 . . . [which] defines the circumstances under which an alien enters the ‘removal period’ . . . .”); *Vetcher v. Barr*, 809 F. App’x 254, 255–56 (5th Cir. 2020) (holding that petitioner’s detention under § 1226(c) “ended when he became subject to an administratively final removal order, namely the . . . BIA decision, [and] [t]he authority for his detention then shifted to 8 U.S.C. Section 1231”) (citing *Andrade*, 459 F.3d at 542–43). Accordingly, Petitioner’s statutory claims challenging his pre-removal detention are now moot. *See Agyei-Kodie v. Holder*, 418 F. App’x 317, 318 (5th Cir. 2011) (“The removal order became administratively final . . . when the [BIA] dismissed the appeal of the immigration judge’s decision. Consequently, [petitioner] is no longer detained pursuant to § 1226, and his claims challenging his detention under that statute are moot.”) (citations omitted); *Ndudzi v. Perez*, 509 F. Supp. 3d 943, 947–48 (S.D. Tex. 2020) (“Any prolonged detention claim related to Petitioner’s prior detention under § 1225(b) became moot when the BIA’s dismissal of Petitioner’s appeal shifted her detention to the framework erected in § 1231.”).

Pursuant to 8 U.S.C. § 1231, “the Attorney General shall remove the alien from the United States within a period of 90 days (. . . referred to as the ‘removal period’)[,]” during which time the alien shall be detained. 8 U.S.C. § 1231(a)(1)(A), (a)(2). “After that time elapses, however, § 1231(a)(6) provides only that certain aliens ‘*may* be detained’ while efforts to complete removal

continue." *Jennings v. Rodriguez*, 583 U.S. 281, 298 (2018) (emphasis in original). In *Zadvydas*, the Supreme Court applied the doctrine of constitutional avoidance and construed § 1231(a)(6) to mean that "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." 533 U.S. at 699. "*Zadvydas* then concluded that six months was a presumptively reasonable period of detention, beyond the removal period, in which to effectuate deportation." *Tran v. Mukasey*, 515 F.3d 478, 482 (5th Cir. 2008) (citing *Zadvydas*, 533 U.S. at 702). "After that, the Court concluded, if the alien 'provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future,' the Government must either rebut that showing or release the alien." *Jennings*, 583 U.S. at 299 (quoting *Zadvydas*, 533 U.S. at 701). "This 6-month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701.

To the extent the Petition is liberally construed to challenge Petitioner's post-removal detention, such claim is premature under the framework set forth in *Zadvydas*. While Petitioner's 90-day removal period expired on or about July 15, 2026, Petitioner "has not been in post-removal-order detention longer than the presumptively reasonable six-month period set forth in *Zadvydas*. Consequently, any challenge to his . . . post-removal-order detention is premature." *Agyei-Kodie*, 418 F. App'x at 318; *see also Zadvydas*, 533 U.S. at 701 ("*After this 6-month period*, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing.") (emphasis added); *Andrade*, 459 F.3d at 543 ("*Zadvydas* thus created a '6-month presumption' of the validity of detention under § 1231, *after which* an alien could attack the

reasonableness of his continued detention.") (emphasis added).

In addition, the Court notes that the relief requested in the Petition, release from ICE custody, may be moot. Petitioner was scheduled for an upcoming special high-risk charter removal mission from the U.S. to Burkina Faso on September 11, 2026. *See* Ex. C to Resp. [9-3] at ¶ 19. According to ICE's Online Detainee Locator System, Petitioner is no longer in ICE custody.[3]

## RECOMMENDATION

The undersigned recommends that the Petition for Writ of Habeas Corpus [1] be denied and dismissed without prejudice.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court. A party filing objections must specifically identify those findings, conclusions, and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive, or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties. A party's failure to file such objections to the proposed findings, conclusions, and recommendations contained in this report shall bar that party from a de novo determination by the District Court. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions that have been accepted by the District

[3] *See* Online Detainee Locator System, https://locator.ice.gov/odls/#/results (last visited September 16, 2026).

Court and for which there is no written objection. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SO ORDERED, this the 17th day of September 2026.

/s/ *Robert P. Myers, Jr.*
ROBERT P. MYERS, JR.
UNITED STATES MAGISTRATE JUDGE