**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**
**WESTERN DIVISION**

**ISSA TIAMA** **PETITIONER**

**V.** **CIVIL ACTION No. 5:26-CV-432-DCB-RPM**

**RAFAEL VERGARA** **RESPONDENT**

**ORDER ADOPTING REPORT AND RECOMMENDATION**

Before the Court is the Report and Recommendation ("Report") [ECF No. 10] entered herein by the United States Magistrate Judge on September 17, 2026, in this action brought pursuant to 28 U.S.C. § 2241. In his Report, Judge Myers recommended that Issa Tiama ("Petitioner")'s Petition [ECF No. 1] be dismissed because Petitioner's pre-removal statutory claims are now moot and any post-removal-period detention claim is premature under 8 U.S.C. § 1231(a) and the framework set forth in Zadvydas v. Davis, 533 U.S. 678 (2001). Further, the Court observes, as the Report states, the relief requested may be moot because the Immigration and Customs Enforcement ("ICE")'s Online Detainee Locator System shows Petitioner has been released. [ECF No. 10] at 6; see also Online Detainee Locator System, https://locator.ice.gov/odls/#/results (last visited October 8, 2026). Petitioner, proceeding pro se, failed to file objections to the Report by his deadline of October 1, 2026.

Where no party has objected to a Magistrate Judge's Report and Recommendation, the Court need not conduct a de novo review of

it. 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). Where there are no objections, the Court applies the "clearly erroneous, abuse of discretion and contrary to law" standard of review to the Report and Recommendation. United States v. Wilson, 864 F.2d 1219, 1221 (5th Cir. 1989).

The Court has reviewed the Petition [ECF No. 1] and the related filings. Judge Myers recommended dismissal because Petitioner's pre-removal statutory claims are now moot, and any post-removal-period detention claim is premature under 8 U.S.C. § 1231(a) and the framework set forth in Zadvydas. In addition, Judge Myers noted that the petition may be moot because Tiama may have been removed. See [ECF No. 10] at 7. Indeed, since Judge Myers entered his Report, mail addressed to Tiama has been returned by the United States Postal Serviced marked "Released." See [ECF Nos. 11, 12]. Accordingly, this demonstrates to the Court that the petition is moot. See, e.g., Francis v. Lynch, 622 F. App'x 455, 455-456 (5th Cir. 2015) (holding that the petitioner's challenge to the duration of his detention pending removal became moot when he was removed from the United States); see also John v. U.S. Immigration and Customs Enforcement, No. 3:25-CV-1844-B-BW, 2026 WL 569043 (N.D. Tex. Feb. 6, 2026) (dismissing ICE detainee's §

2241 petition without prejudice as moot upon evidence of his removal from the United States).

ACCORDINGLY,

IT IS, THEREFORE, ORDERED that the Report and Recommendation [ECF No. 10] be, and the same hereby is, adopted as the finding of this Court. Consequently, Petitioner's Petition [ECF No. 1] is hereby denied and dismissed without prejudice. Pursuant to Rule 58 of the Federal Rules of Civil Procedure, a separate judgment will be entered.

SO ORDERED AND ADJUDGED, this the 8 day of October, 2026.

/s/ David C. Bramlette
David C. Bramlette III
UNITED STATES DISTRICT JUDGE